## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDSY BALL SNYDER, Individually as the surviving spouse of Dylan Snyder, deceased, and as personal representative of the ESTATE OF DYLAN SNYDER<br><br>and<br><br>N.W., minor child of Dylan Snyder, Deceased, by and through her natural mother and next friend STEPHANIE GREATHOUSE,<br><br>    Plaintiffs,<br><br>v.<br><br>NISLY BROTHERS, INC.,<br>NISLY BROTHERS TRASH SERVICES, INC., and<br>JONATHAN MARCUS YODER,<br><br>    Defendants. | Case No. 2:15-cv-02586-RDR-GLR |

### REPORT AND RECOMMENDATION OF JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT PURSUANT TO K.S.A. § 60-1905 AND APPROVAL OF MINOR SETTLEMENT

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

1

## DISCUSSION

On July 14, 2015, the undersigned Magistrate Judge conducted an evidentiary hearing, as directed by the Order of the District Judge (ECF 15) for an evidentiary hearing and report and recommendation, as required by 28 U.S.C. § 636(b)(1)(B).  The parties proposed that the Court proceed under Fed.R.Civ.P. 72.  The Magistrate Judge did proceed under Fed.R.Civ.P. 72 and recommends that the District Judge accept and adopt the following findings and proposed judgment as more appropriately adopted and entered, pursuant to Fed. R.Civ.P. 72, rather than 28 U.S.C. § 636(b)(1)(B).

On July 14, 2015, this cause comes before this Court for hearing and a Report and Recommendation of Findings Ordered pursuant to Fed.R.Civ.P. 72.  Plaintiff Lindsy Ball Snyder, individually as the surviving spouse of Dylan Snyder, deceased, and as personal representative of the Estate of Dylan Snyder appeared by affidavit and through counsel, Phyllis A. Norman of the Norman Law Firm and Gerald McGonagle of McGonagle Spencer Gahagan. NW, minor child of Dylan Snyder, deceased, by and through her natural mother and next friend Stephanie Greathouse appeared by counsel, James M. Crabtree of the Crabtree Law Office. Brenda Lee Weston, the court-appointed Conservator for N.W. did not appear in person, but submitted her affidavit for this Court's consideration.  Defendants Nisly Brothers, Inc., Nisly Brothers Trash Services, Inc. and Jonathon Yoder appeared by counsel John J. Fogarty of Manz Swanson Hall Fogarty & Gellis, P.C.  The parties and claimants waive a trial by jury and submit the Joint Motion for Approval of Wrongful Death Settlement Pursuant to K.S.A. § 60-1905 and Approval of Minor Settlement, arising out of the death of Dylan Snyder.

Statements of counsel, Exhibits A-G, affidavits of Lindsy Ball Snyder and Brenda Lee Weston and testimony of Stephanie Greathouse have been presented to the Court, and after

reviewing the pleadings; hearing statements of counsel; reviewing affidavits and exhibits and hearing testimony, the Court finds and recommends that the settlement as described in the Joint Motion for Approval of Wrongful Death Settlement Pursuant to K.S.A. § 60-1905 and Approval of Minor Settlement and as set out more fully below was entered into in good faith; is fair and reasonable for all claimants; is in the best interest of all claimants; and adequately protects the interests of the minor N.W. and shall be approved.

The Court further finds that Plaintiff Lindsy Ball Snyder is the surviving spouse of Dylan Snyder, and is a member of the class of persons entitled to recover damages for the alleged wrongful death of Dylan Snyder, pursuant to K.S.A §60-1902.  The Court further finds N.W., a minor, by and through her natural mother and next friend Stephanie Greathouse, is the natural child of Dylan Snyder, and is a member of the class of persons entitled to recover damages for the alleged wrongful death of Dylan Snyder, pursuant to K.S.A §60-1902.  The Court further finds Brenda Lee Weston was named Conservator for N.W., and approves of the settlement for the minor N.W.  No other individuals as defined in K.S.A §60-1902 are entitled to bring or join in a wrongful death action as a result of the death of Dylan Snyder.

**IT IS THEREFORE BY THE COURT RECOMMENDED TO BE ORDERED, ADJUDGED AND DECREED,** that the proposed settlement for the wrongful death claims of Lindsy Ball Snyder as the surviving spouse of Dylan Snyder and N.W., the surviving minor child of decedent Dylan Snyder, by and through her natural mother and next friend Stephanie Greathouse and Conservator Brenda Lee Weston, as a result of Dylan Snyder's deadly accident with Nisly Brothers, Inc., Nisly Brothers Trash Services, Inc. and Jonathon Yoder, is hereby fair and reasonable to apportion 50% to Lindsy Ball Snyder and 50% to NW and is authorized and approved for distribution of the settlement funds, as follows:

|  | N.W. | Lindsy Ball Snyder |
|---|---|---|
| **Gross Settlement (Split 50/50)** | $ 1,218,204.00 | $ 1,218,204.00 |
| **Attorney Expenses** | $ 7,457.33 | $ 7,457.32 |
| **Attorney Fees** | $ 302,686.66 | $ 406,027.39 |
| **Net Settlement to Client** | $ 908,060.01 | $ 804,719.29 |

**THE UNDERSIGNED RECOMMENDS THAT IT IS ORDERED, ADJUDGED AND DECREED,** that the attorneys' fees and expenses reflected above and in the Joint Motion are fair and reasonable under the circumstances.

**THE UNDERSIGNED RECOMMENDS THAT IT IS ORDERED, ADJUDGED AND DECREED,** from said settlement proceeds for N.W., the sum of Nine Hundred Eight Thousand and Sixty and 01/100 Dollars ($908,060.01) which shall be used to purchase an annuity contract to be issued by Berkeshire Hathaway Life Insurance Company of Nebraska and Prudential Insurance Company of America for future periodic payments to N.W. as detailed in the *Release and Settlement Agreement*.  The obligation to make the periodic payments described herein may be assigned to BHG Structured Settlements, Inc., and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska.  The obligation to make the periodic payments described herein may be assigned to Prudential Assigned Settlement Services Corp. and funded by an annuity contract issued by Prudential Insurance Company of America.

All sums payable as set forth constitute damages on account of personal physical injury or physical sickness arising from an occurrence within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and no portion of such sums shall constitute

exemplary or punitive damages or damages other than actual damages on account of physical injury or physical sickness.

**THE UNDERSIGNED FURTHER RECOMMENDEDS THAT IT IS ORDERED, ADJUDGED AND DECREED,** that Lindsy Ball Snyder, individually and as representative of the class of individuals as described in K.S.A §60-1902 ("Class"), is hereby authorized and directed to execute the Settlement Release, releasing Nisly Brothers, Inc., Nisly Brothers Trash Services, Inc. and Jonathon Yoder and their insurers, of any claims arising out of the death of Dylan Snyder.  The Next Friend of N.W., Stephanie Greathouse and Brenda Lee Weston, the court-appointed Conservator are hereby authorized and directed to execute the Settlement Release for the minor N.W.

**IT IS FURTHER RECOMMENDED TO BE ORDERED, ADJUDGED AND DECREED,** that Count VI (sic) of the Complaint is dismissed *with prejudice* pursuant to the Estate of Dylan Snyder's Stipulation for Dismissal with Prejudice.

**IT IS FURTHER RECOMMENDED TO BE ORDERED** that Lindsy Ball Snyder and Stephanie Greathouse, as Next Friend of the minor, N.W. and Brenda Lee Weston,  the court-appointed Conservator for NW, as representatives of the class of individuals as described in K.S.A §60-1902 shall collect and receive payment as stated in this Order, issue receipt to Nisly Brothers, Inc., Nisly Brothers Trash Services, Inc. and Jonathon Yoder, acknowledge satisfaction of this Order and distribute the proceeds as ordered by this Court, and to make a report and accounting to this Court.

After hearing the evidence and arguments submitted by the parties at the hearing, the Magistrate Judge reports and recommends that the Court should find that their agreed, proposed settlement of the claims in this action should be approved and that a final judgment should be

entered as set forth in the attached, proposed Journal Entry of Judgment, to which all parties have agreed. (See, Ex. A – Proposed Journal Entry of Judgment).

Dated at Kansas City, Kansas this 23rd day of July, 2015

s/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

Approved and Submitted By:

MANZ SWANSON HALL FOGARTY & GELLIS P.C.

  s/John J. Fogarty
John J. Fogarty                    #22783
1000 Walnut, Suite 800
Kansas City, Missouri 64106
Telephone:   (816) 472-5310
Facsimile:   (816) 472-5320
jfogarty@mslawkc.com
**ATTORNEYS FOR DEFENDANTS**

and

THE NORMAN LAW FIRM

  s/Phyllis A. Norman
Phyllis A. Norman,  KS #21818
1000 Broadway, 4th Floor
Kansas City, Missouri  64105
Ph:  816-288-9622
Fx:  816-471-1701
phyllis@pnormanlaw.com

MCGONAGLE SPENCER GAHAGAN

  s/Gerald McGonagle
Gerald McGonagle,  MO #39480
1533 Locust Street
Kansas City, Missouri  64108
Ph:  816-221-2222
Fx:  816-221-2245
gmcgonagle@mcgonaglespencer.com

**ATTORNEYS FOR PLAINTIFFS LINDSY BALL SNYDER, individually, and as personal representative of the ESTATE OF DYLAN SNYDER**

and

CRABTREE LAW OFFICE

  s/James Crabtree_____
James M. Crabtree,  KS #16311
13420 Santa Fe Trail Drive
Lenexa, Kansas  66215
Ph:  913-888-7100
Fx:  913-888-7388
jim@jimcrabtreelaw.com
**ATTORNEYS FOR PLAINTIFF, N.W., a minor, by and through her natural mother and next friend STEPHANIE GREATHOUSE**